IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRANDON PIXLEY                                                                               PLAINTIFF

vs.                                   Civil No. 2:19-cv-02070-PKH-MEF

ANDREW M. SAUL, Commissioner,                                                    DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Brandon Pixley, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. 42 U.S.C. § 405(g).

### I.      Procedural Background

Plaintiff protectively filed his current application for DIB on January 15, 2017. (ECF No. 10, p. 18). Plaintiff alleges disability since April 30, 2015, due to back problems, irritable bowel syndrome ("IBS"), bursitis in both shoulders, depression, learning problems, inability to read and/or write, memory issues, numbness in legs and hands, and hot flashes. (*Id.*, pp. 13, 228, 233).

Plaintiff's application was denied initially and upon reconsideration. (*Id.*, pp. 18, 149, 153). An administrative hearing was held on August 22, 2018, before the Hon. Harold D. Davis, Administrative Law Judge ("ALJ"). (*Id.*, pp. 18, 67-105). Plaintiff, his wife, and a vocational expert ("VE"), Barbara Hubbard, testified. (*Id.*). Plaintiff was represented by counsel, Laura McKinnon. (*Id.*).

By written decision dated October 19, 2018, the ALJ found Plaintiff had the following severe impairments: spondylosis at L5-S1, with a broad bulge at L5-S1; carcinoma of the right kidney status post partial nephrectomy; torn left rotator cuff status post repair; and, depression. (*Id*., pp. 15, 20).  The ALJ next determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments.  (*Id*., pp. 20-21).  The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 C.F.R. § 404.1567(b), except he requires a job with simple tasks, simple instructions, and incidental contact with the public. He requires supervision that is simple, direct, and concrete. He is functionally illiterate and limited to only occasional overhead lifting. (*Id*., pp. 21-23).

The ALJ found that Plaintiff was unable to perform any of his past relevant work, but with the assistance of the VE, the ALJ determined Plaintiff could perform the requirements of the representative occupations of: marking clerk, with 305,000 jobs in the national economy; hotel/motel cleaner, with 133,000 jobs in the national economy; and, photo machine copier, with 15,500 jobs in the national economy. (*Id*., pp. 24-25).  The ALJ concluded that Plaintiff had not been under a disability as defined by the Act during the relevant period.  (*Id*., p. 25).

On April 15, 2019, the Appeals Council denied Plaintiff's request for review.  (*Id*., pp. 6-10).  Plaintiff filed this action on June 11, 2020.  (ECF No. 1).  This matter is before the undersigned for report and recommendation.  Both parties have filed appeal briefs (ECF Nos. 13, 14), and the case is ready for decision.

## II.   Applicable Law

This Court's role is to determine whether substantial evidence supports the Commissioner's findings.  *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it

adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least 12 consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given his age, education, and experience.  20 C.F.R. § 404.1520(a)(4).  Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520(a)(4)(v).

### III.    Discussion

Plaintiff raises the following issues in this appeal: (1) whether the ALJ failed to fully develop the record; (2) whether the ALJ erred at step two; (3) whether the ALJ erred in his assessment of Plaintiff's subjective complaints; and, (2) whether the ALJ erred in his RFC determination.  (ECF No. 13, pp. 2-20).  After a thorough review of the record, the undersigned agrees that the ALJ's RFC assessment is not supported by substantial evidence.

The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts.  *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).  However, the ALJ is not required to function as the claimant's substitute counsel, but only to develop a reasonably complete record.  *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014) (quoting *Clark v. Shalala*, 28 F.3d 828, 830-31 (8th Cir. 1994)).  While "[a]n ALJ should recontact a treating or consulting physician if a critical issue is undeveloped," "the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."  *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (quotation, alteration, and citation omitted).

Of concern to the undersigned is the ALJ's treatment of Plaintiff's shoulder impairments.  The ALJ only briefly discussed Plaintiff's shoulder impairments, and only discussed Plaintiff's left shoulder impairment despite Plaintiff's testimony that his right shoulder was worse than the

4

left.  (ECF No. 10, pp. 23, 79).  The Court recognizes it is not automatically error for an ALJ to rely upon the opinions of non-examining medical consultants; however, in this case both opinions were rendered before Plaintiff's treatment for his shoulder impairments and considered only the medically determinable impairments of chronic diarrhea, lumbago with sciatica, spondylolisthesis, insomnia, and right renal cell carcinoma status post-op.  (*Id*., pp. 120-21, 143-44).

The only opinion evidence regarding Plaintiff's physical RFC were those provided by state agency medical consultants, Dr. Alberty and Dr. Payne.  (ECF No. 10, pp. 118-21, 140-44).  However, neither included Plaintiff's shoulder impairments in the medically determinable impairments they considered.  (*Id*.).  Dr. Alberty's opinion was dated April 4, 2017, and Dr. Payne's opinion was dated September 15, 2017.  (*Id*.).  Dr. Payne's opinion was noted to be for 12 months after onset, July 4, 2018 (*Id*., p. 141); his opinion, however, was formed without consideration of Plaintiff's shoulder impairment and long before Plaintiff underwent shoulder surgery.  Plaintiff did not have shoulder surgery until April 2018.  (*Id*., pp. 684, 708).

Plaintiff was seen on December 4, 2017, by Dr. Cheyne and a physical examination showed tenderness, mild limitation in abduction and internal rotation of his humerus, and Plaintiff was diagnosed with bilateral subacromial bursitis of the shoulders.  (*Id*., p. 674).  Dr. Cheyne noted Plaintiff's X-rays were within normal limits, but his MRI scans indicated a degree of tendinopathy.  (*Id*.).  Plaintiff was injected in each shoulder, restricted to light activity and asked to return in three weeks for a follow up.  (*Id*.).  On April 17, 2018, Plaintiff saw Dr. Rhomberg for chronic left shoulder pain and a physical examination revealed painful arc with abduction, severe pain and weakness with resisted abduction, and a positive Hawkins sign.  (*Id*., p. 683-84).  Dr. Rhomberg recommended shoulder arthroscopy with decompression.  (*Id*., p. 684).  On May 8, 2018, Plaintiff followed up with Dr. Rhomberg after his left shoulder arthroscopy and reported a reduction in

shoulder pain. (*Id.*, p. 708). On June 17, 2018, Plaintiff had another visit with Dr. Rhomberg and continued complaint of left shoulder pain, but the physical examination showed no pain with passive elevation and negative Hawkins. (*Id.*, p. 712). Plaintiff's assessment was satisfactory, and Plaintiff was instructed to continue with home therapy and follow up as needed. (*Id.*). At the hearing on August 22, 2018, Plaintiff testified that his right shoulder was worse than the left. (*Id.*, p. 79). The ALJ asked Plaintiff whether he was having a right shoulder surgery, and Plaintiff was unsure. (*Id.*, p. 92). Plaintiff's wife testified that he was going back in September 2018 to discuss the surgery to be done on his right shoulder. (*Id.*, p. 92, 96). There were no subsequent medical records providing more details concerning Plaintiff's shoulder impairments or what restrictions he would have from these impairments. Upon reviewing the medical records concerning Plaintiff's shoulder, there is very little in the treatment notes that could be considered opinion evidence.

As the opinion evidence did not cover the entire relevant time period and did not address one of Plaintiff's impairments the ALJ found to be a severe medically determinable impairment, additional opinion evidence was needed to reach the standard of substantial evidence.

Remand is necessary to allow the ALJ to reconsider Plaintiff's RFC, specifically any limitations resulting from Plaintiff's bilateral shoulder impairments. As the Eighth Circuit held in *McCoy v. Schweiker,* 683 F.2d at 1147, the test is whether a claimant has the ability to perform the requisite physical acts day in and day out, in the sometimes competitive and stressful conditions in which real people work in the real world. On remand, the ALJ should request a complete RFC assessment from Plaintiff's physician, Dr. Thomas Cheyne, and Plaintiff's surgeon, Dr. Edward Rhomberg, for the relevant period. If Drs. Cheyne and Rhomberg are unable or unwilling to provide an RFC assessment, then the ALJ should order a consultative examination with an

orthopedist, complete with a thorough RFC assessment. With this additional evidence, the ALJ should re-evaluate the Plaintiff's RFC and reconsider his step four and step five findings.

### IV. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the District Court.**

DATED this 1st day of June 2020.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE