IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BRANDON K. PIXLEY                                                                    PLAINTIFF

v.                                        CIVIL NO. 2:19-cv-2070

ANDREW M. SAUL, Commissioner,
Social Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA").  (ECF Nos. 18, 19).  The Defendant has filed a response and the matter is now ripe for resolution.  (ECF No. 20).

On July 16, 2020, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $5,294.70 representing a total of 23.05 attorney hours for work performed in 2019 at an hourly rate of $198.00 and 3.60 attorney hours at an hour rate of $203.00 for work performed 2020.  (ECF No. 18-1).  On July 30, 2020, the Defendant filed a response voicing no objections to Plaintiff's motion.  (ECF No. 20).

After reviewing the Plaintiff's motion and the Administration's response, it is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case.  The record clearly shows that he is the prevailing party; the government's decision to deny benefits was not "substantially justified;" the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and, the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d  503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees

of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). As such, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $5,294.70.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the Plaintiff is awarded the sum of $5,294.70 for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 31st day of July, 2020.

/s/ P. K. Holmes III
P. K. HOLMES, III
U.S. DISTRICT JUDGE